UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT MARTEZ MOSLEY,

    Plaintiff,

v.

    Civil Case No. 19-11226
    Honorable Linda V. Parker

EQUIFAX, INC.,

    Defendant.
_____/

# OPINION AND ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

On April 29, 2019, Plaintiff filed this pro se action against Defendant complaining about a data breach in 2017, where hackers stole the personal and financial information of millions of Americans through Defendant's computer systems. Because Plaintiff's initial complaint did not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), the Court entered an order on April 30, 2019, requiring him to file an amended pleading. (Order, ECF No. 5.) Plaintiff filed an Amended Complaint on May 21, 2019. (Am. Compl., ECF No. 8.) Although Plaintiff does not set forth any specific claims in his Amended Complaint, he is seeking damages of $75 million and asserts subject matter jurisdiction based on diversity. (*Id*. at 3, 5, Pg ID 24, 26.)

Federal district courts are courts of limited jurisdiction and their powers are enumerated in Article III of the United States Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). Therefore, a "lack of subject matter jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile …." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quotation marks and citation omitted). The party seeking to invoke a federal court's jurisdiction has the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have "an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006).

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between- (1) citizens of different States . . . ." 28 U.S.C. § 1332(a). For purposes of § 1332, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff indicates in his Amended Complaint that he is a citizen of Michigan. Plaintiff does not identify Defendant's citizenship; however, it appears that Defendant is a Georgia corporation with its principal place of business in Atlanta, Georgia. *See In re*

2

*Equifax, Inc. Customer Data Sec. Breach Litig.*, Case No. 1:17-md-2800-twt (N.D. Ga. filed Dec. 6, 2017).[1]  Thus, there is diversity of citizenship between Plaintiff and Defendant.

Therefore, the Court turns to whether Plaintiff can satisfy the amount in controversy requirement.  In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).  The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction."  *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967).  As the Sixth Circuit has expressed:

> "…The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence."

---

[1] *In re Equifax, Inc. Customer Data Sec. Breach Litigation* is a pending multi-district case arising from the same data breach that is the subject of Plaintiff's lawsuit.  It is a class action lawsuit and includes a sub-class of Michigan residents and citizens who claim injury as a result of the breach.  *See* Consol. Consumer Class Action Complaint, *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, Case No. 1:17-md-2800-TWT (N.D. Ga. filed May 14, 2018), ECF No. 374.

*Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

As stated above, Plaintiff is seeking $75 million in damages from Defendant. Plaintiff does not identify the form of damages he is seeking. More importantly, he does not identify any actual damages that he has suffered as a result of the alleged theft of his personal and financial information. There is no indication in Plaintiff's Amended Complaint that anyone has actually engaged in the unauthorized use of his information (for example, to obtain credit), that he incurred any burden and cost of heightened monitoring to protect his information from misuse, or that he incurred any actual loss as a result of the data breach. Even if Plaintiff can seek punitive damages for any claim he is pursuing against Defendant, such damages must bear some relationship to his actual damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.").

For these reasons, it appears that Plaintiff cannot in good faith claim damages that meet the amount-in-controversy requirement. As such, this federal court lacks subject matter jurisdiction over his Amended Complaint. The Court, therefore, is **dismissing this matter**. The dismissal is **without prejudice,** as

4

Plaintiff can pursue his claim(s) against Defendant in a state court or re-file in federal court if he can present facts suggesting that the jurisdictional amount has been met.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 20, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 20, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager